## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: FRESH DAIRY PRODUCTS**
**ANTITRUST LITIGATION (NO. III)**                                        MDL No. 2715

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in an action (*Winn-Dixie*) pending in the Middle District of Florida move under 28 U.S.C. § 1407 to centralize the four actions listed on the attached Schedule A in the Southern District of Illinois. The other three actions are pending in the Southern District of Illinois, and have been consolidated for all purposes. Responding defendants oppose centralization,[1] as do plaintiffs in the Illinois actions.

I.

This antitrust litigation is before the Panel for the third time, albeit in a somewhat different form. In its first iteration (*Fresh Dairy I* (MDL No. 2340)), the litigation consisted of a direct purchaser class action pending in the Eastern District of Pennsylvania and three indirect purchaser class actions that already had been consolidated in the Northern District of California. In its second iteration (*Fresh Dairy II* (MDL No. 2463)), the litigation consisted of the consolidated California actions, as well as the earliest-filed of the three now consolidated Southern District of Illinois actions in this docket, which is a direct purchaser class action (*Fresh Impressions*). We denied centralization in both dockets, largely on the grounds that (1) there were, as a practical matter only two actions in two districts, given that the California actions had been consolidated; (2) the California actions were brought on behalf of indirect purchasers, whereas the action outside of California was a direct purchaser action; and (3) informal coordination and cooperation appeared practicable, especially in light of the small number of actions.[2]

---

[*] Judge Lewis A. Kaplan, Judge Ellen Segal Huvelle, and Judge Catherine D. Perry took no part in the decision of this matter.

[1] Responding defendants are National Milk Producers Federation; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; Southeast Milk, Inc.; Dairylea Cooperative, Inc.; and Agri-Mark, Inc.

[2] *See In re: Fresh Dairy Prods. Antitrust Litig.*, 856 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012) (*Fresh Dairy I*); *In re: Fresh Dairy Prods. Antitrust Litig. (No. II)*, 959 F. Supp. 2d 1361, 1362 (J.P.M.L. 2013) (*Fresh Dairy II*).

-2-

II.

On the basis of the papers filed and the hearing session held, we deny the *Winn-Dixie* plaintiffs' motion, as there has been no "significant change in circumstances" in the litigation since our decisions in *Fresh Dairy I* and *II*.[3]  As with those dockets, the subject actions share certain factual issues as to whether defendants engaged in coordinated efforts to limit the production of raw farm milk through premature "herd retirements," in order to increase the price of raw farm milk and thereby inflate the price of dairy products.[4]  But, also like those dockets, there still are, as a practical matter, just two actions in this litigation, as the three Illinois actions have been consolidated.  Those consolidated cases have been pending for over three years,[5] and class certification-related proceedings are well underway.  In contrast, the *Winn-Dixie* action, which is an individual action, has been filed only recently,[6] and it involves a defendant (Southeast Milk, Inc.) not named in the Illinois litigation.  Transferring *Winn-Dixie* to Illinois at this juncture would complicate and delay the Illinois litigation while providing no substantial offsetting benefit.

Although this docket does differ from *Fresh Dairy I* and *II* in that all of the actions are direct purchaser actions, that distinction is insufficient to warrant centralization, given this litigation's small size and lengthy history.  The consolidated California indirect purchaser actions, which were included in the Section 1407 motions in both of those earlier dockets but not in this one, are at a very advanced stage, with discovery having long since closed.  The common factual issues thus are well developed already.  Much of the discovery obtained by the California plaintiffs likely will be relevant to *Winn-Dixie*, and there appears to be no need to transfer the case to Illinois to facilitate moving plaintiffs' access to it.  Indeed, responding defendants represent that discovery between the Illinois and California cases already has been coordinated successfully.

---

[3] *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378 (J.P.M.L 2013).

[4] *See Fresh Dairy I*, 856 F. Supp. 2d at 1345; *Fresh Dairy II*, 959 F. Supp. 2d at 1361.

[5] The *Fresh Impressions* action was commenced in May 2013.

[6] The defendants in *Winn-Dixie* were not served until early March 2016.

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
R. David Proctor

**IN RE: FRESH DAIRY PRODUCTS
ANTITRUST LITIGATION (NO. III)**                                MDL No. 2715

## SCHEDULE A

<u>Middle District of Florida</u>

WINN-DIXIE STORES, INC., ET AL. v. SOUTHEAST MILK, INC., ET AL.,
  C.A. No. 3:15-01143

<u>Southern District of Illinois</u>

FIRST IMPRESSIONS SALON, INC. v. NATIONAL MILK PRODUCERS
  FEDERATION, ET AL., C.A. No. 3:13-00454
BELLE FOODS TRUST, ET AL. v. NATIONAL MILK PRODUCERS
  FEDERATION, ET AL., C.A. No. 3:14-01014
PIGGLY WIGGLY MIDWEST, LLC, ET AL. v. NATIONAL MILK PRODUCERS
  FEDERATION, ET AL., C.A. No. 3:15-00750