**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

---

FIRST IMPRESSIONS SALON, INC., *et al.*,

                       Plaintiffs,

     v.                                      Case No. 3:13-cv-00454 (NJR)(SCW)

NATIONAL MILK PRODUCERS
FEDERATION, *et al.*,

                       Defendants.

---

### NATIONAL MILK PRODUCERS FEDERATION'S MOTION FOR LEAVE TO TAKE DISCOVERY FROM ABSENT CLASS MEMBERS

Under *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971), Defendant National Milk Producers Federation respectfully moves for leave to take limited discovery from certain parties who are members of the certified class that have not entered appearances in this case. The discovery sought is narrowly tailored to information that is necessary to prepare National Milk Producers Federation's defenses, and it is not sought for any improper purpose. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-41 (7th Cir. 1974); *Brennan*, 450 F.2d at 1006. The absent class members from which discovery is sought are large, sophisticated purchasers for which the burden of answering discovery will be modest in proportion to the claims they assert in this case.

### Background

In 2003, in response to difficult conditions in the dairy market, National Milk Producers Federation ("NMPF") and its member cooperatives established a program called Cooperatives Working Together ("CWT"). The purpose of the program was to strengthen and stabilize milk

1

prices and improve on-farm conditions to help struggling dairy farmers. One part of the CWT was a Herd Retirement Program ("HRP"), a voluntary program that offered a financial incentive to farmers who chose to market their cows for beef rather than continue milking. The HRP was implemented at various times from 2003 through 2010.

Plaintiffs brought this action against NMPF and only three of the many dairy cooperatives that became members of CWT. Participating in CWT enabled all farmers who contributed to the program, either through their cooperative or individually, to decide whether to submit bids during the HRP's retirement rounds. Plaintiffs claim that, through the HRP, Defendants formed an illegal conspiracy in violation of the Sherman Act, 15 U.S.C. § 1. In May 2013, when this case was first filed, Plaintiffs sought damages based on their direct purchases of certain fresh dairy products from Defendants. In September 2015, Plaintiffs revised their class action complaint to include, for the first time, claims for damages on cheese and butter purchases from Defendants and, also for the first time, claims for purchases from the large, unnamed group of non-Defendant cooperatives that were members of CWT as alleged co-conspirators of the Defendants. Plaintiffs sought certification of a damages class consisting of cheese and butter purchasers from the now expanded set of CWT members based on their amended complaint in July 2016.

In September 2017, this Court certified classes of all persons or entities in the United States that purchased cheese or butter directly from a CWT member during the period from December 6, 2008 to July 31, 2013. The class includes claims on behalf of a number of persons or entities, unknown to Defendants, who purchased cheese or butter from non-Defendant CWT members. National Milk Producers Federation's attempts to obtain discovery from non-Defendant CWT members regarding these claims has been met with limited success because of

the incompleteness of their records due to the staleness of Plaintiffs' claims. For example, Plaintiffs and Defendants jointly issued sixteen third-party subpoenas in early 2018, but discovery has been obtained from only twelve of the non-Defendant cooperatives. Additionally, more than half of the non-Defendant cooperatives that did produce documents have not produced complete transactional sales records from which National Milk Producers Federation can ascertain the pricing terms for sales of class products. The discovery that National Milk Producers Federation seeks here addresses—at least partially—this gap in necessary evidence. National Milk Producers Federation also seeks evidence that supports its statute of limitations and laches defenses because virtually all members of the class were aware or should have been aware of the challenged program during its pendency.[1]

## Legal Standard

"Absent class members are 'parties' on whom discovery may be served pursuant to Fed. R. Civ. P. 33 and 34." *Hammond v. Trans World Airlines, Inc.*, No. 89 C 8398, 1991 WL 93498, at *3 (N.D. Ill. May 22, 1991); *see Clark*, 501 F.2d at 340-41; *Brennan*, 450 F.2d at 1006. The requesting party "has the burden of demonstrating its merits." *Clark*, 501 F.2d at 340. In *Brennan*, the Seventh Circuit explained that courts should allow discovery on absent class members if the requesting party shows that the discovery "is necessary or helpful to the proper presentation and correct adjudication of the principal suit" and "so long as adequate precautionary measures are taken to insure that the absent member is not misled or confused." *Brennan*, 450 F.2d at 1005; *see Clark*, 501 F.2d at 340 ("[I]n appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information

---

[1] National Milk Producers Federation also seeks limited discovery on cheese and butter production from five class members who are also participants in the markets for the manufacture and sale of cheese or butter products. Interrogatories 15 and 16 will be directed only to these five entities.

3

requested is necessary to trial preparation and that the interrogatory is not designed 'as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants.'") (quoting *Brennan*, 450 F.2d at 1005).

## Argument

National Milk Producers Federation seeks discovery on three issues highly relevant to the defense of this case from a limited number of large, absent class members. First, National Milk Producers Federation seeks discovery from those class members about their knowledge of the CWT program to support its laches and statute of limitations defenses. Second, National Milk Producers Federation seeks discovery from those class members regarding any statements that the class members made about the CWT Program or its goals. Finally, National Milk Producers Federation seeks contracts and purchase records from certain large, absent class members that likely purchased cheese and butter from alleged co-conspirators other than Defendants in support of National Milk Producers Federation's defenses to damages claims on these purchases. The classes in this case are expansive, covering not only two broad categories of products over nearly four years, but also many purchases (and purchasers) that have no connection to Defendants because they were made from alleged co-conspirators who are not parties to this action. This discovery would otherwise be unavailable to National Milk Producers Federation as it is not within the possession or control of Defendants or named Plaintiffs.

Plaintiffs have estimated that nearly two-thirds of the billions of dollars in alleged damages that they claim come from non-Defendant CWT members. A fair trial presentation cannot be mounted when no discovery is available concerning the purchases from non-party, alleged co-conspirators representing such a large percentage of the claimed damages. Although many legal issues remain undecided, if there will be a trial in this case, it is inevitable that the

existence, extent, and nature of the damages claimed by the Plaintiffs will be a central issue for the jury to decide. National Milk Producers Federation's discovery requests go to the heart of Plaintiffs' claimed damages theory and seek to obtain evidence regarding those claims that is not available from other sources. National Milk Producers Federation must be allowed to probe the factual underpinnings of Plaintiffs' damages theory in order to fairly mount a defense to their claims of billions of dollars in damages.

Specifically, Plaintiffs' expert on class certification claimed that cheese and butter purchases for the entire class were determined by prices on the Chicago Mercantile Exchange (CME), but National Milk Producers Federation believes that most class members' prices were in fact determined through negotiated contracts that are not linked to the CME. National Milk Producers Federation seeks discovery of the contracts or terms under which Plaintiffs purchased class products from non-Defendants. National Milk Producers Federation also seeks evidence regarding the alleged effects of the challenged HRP on the prices that Plaintiffs paid, Plaintiffs' awareness of those alleged effects, and any efforts that Plaintiffs took to stop or mitigate those alleged effects or to otherwise resist alleged price increases. Drafts of the discovery requests which National Milk Producers Federation seeks to serve are attached hereto as Exhibits A and B. Additionally, and only if necessary, Defendants may depose corporate representatives from certain of the absent Plaintiffs.

Although the class is comprised of all variety of purchasers, from individual consumers to Fortune 100 companies, discovery requests to absent class members will be targeted at only large companies with significant purchasing history so that there is no danger of confusion or of their being misled. Discovery from absent class members will be limited to 50 Plaintiffs with

cheese or butter purchases estimated or known to be in excess of $10 million during the class period.  The categories of purchasers from which discovery is sought include:

- Retail grocers;
- Warehouse or club stores;
- Wholesalers;
- Food distributors;
- Food service providers;
- Industrial purchasers;
- Cheese producers; and
- Butter producers.

All of the Plaintiffs from whom discovery is sought are major corporations with substantial resources and, potentially, a substantial proportion of the claims being sought in this litigation.  These "are not the typical members of a plaintiff class—individuals with small claims and presumably limited means." *Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc.*, No. 97CIV.4550 (SAS)(MHD), 1998 WL 241279, at *3 (S.D.N.Y. May 12, 1998); *see also Robertson v. Nat'l Basketball Ass'n*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975) (permitting absent-class discovery where "[the class] is composed of fairly finite, readily identifiable members with not insubstantial claims who specifically authorized this litigation and who have financed it since its inception").  Rather, these class members are large companies on whose behalf Plaintiffs assert claims that are each valued in the millions of dollars.  The burden of responding to discovery will be minimal both in absolute terms and in comparison with the size of the claims asserted against Defendants.

The requested discovery is sought in good faith. It is not sought for the purpose of harassment or as a stratagem to reduce the number of claimants. Indeed, the deadline in this case for class members to submit requests to be excluded from the class has passed.

## Conclusion

National Milk Producers Federation's discovery requests are both necessary and appropriate in light of the circumstances in this case. National Milk Producers Federation, therefore, asks this Court to permit discovery to be served on certain large, absent class Plaintiffs.

DATED:  September 19, 2018	Respectfully submitted,

By: */s/ John J. Kavanagh*

John J. Kavanagh (admitted pro hac vice)
Email: jkavanagh@steptoe.com
Jonathan B. Sallet (admitted pro hac vice)
Email: jsallet@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendant National Milk Producers Federation and Cooperatives Working Together*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2018, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF filing system.

          */s/  John J. Kavanagh*