IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST IMPRESSIONS SALON, INC., et al.,<br><br>    **Plaintiff,**<br><br>vs.<br><br>NATIONAL MILK PRODUCERS FEDERATION, et al.,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>) Case No. 13-cv-454-NJR-SCW<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On October 24, 2018, the Court held a discovery dispute conference. The following summarizes the Court's findings and rulings at that hearing and addresses an additional issue argued at the hearing but not ruled upon by the Court.

 **A. Absent Class Member Discovery**

Defendants seek discovery from absent class members related to damages and/or harm, Defendants' defenses of statute of limitations and laches, and discovery related to the effect of the herd retirement program on production of butter and cheese. Defendants seek discovery from 25 absent class members although the Defendants had not identified those members to the Court prior to the hearing. Discovery regarding the effect on production would be limited to 2-4 of those 25 members, although Defendants

only identified two of those members at the hearing.[1]

The Court finds that Defendants have demonstrated sufficient need for some discovery related to cheese and butter purchases from CWT members during the class period. However, as to the requests related to the knowledge of individual class members relating to the herd retirement, the Court finds this to be an individualized determination that should be handled on an individualized basis during the damages phase of the case, should the case reach that point. These requests are also substantially burdensome requests that would extend discovery for a lengthy amount of time in order to complete. As such, the Court **DENIES** Defendants' request for herd retirement information from absent class members.

The Court also finds that Defendants have not made a sufficiently strong showing of need for information regarding the impact that the herd retirement program had on butter and cheese production. Defendants had not identified the producers that they seek the information from as of the beginning of the hearing and the value of that discovery to resolving the merits of the case is speculative at best. Defendants request information from a small sample size and have not demonstrated how this information, given the small sample size, could be necessary to their defenses. Thus, the Court also **DENIES** Defendants request for butter and cheese production information. Accordingly, the Court will allow two requests for production directed to the 21 absent class members which requests any contracts or agreements with CWT members

---

[1] The parties have now identified a list of 21 absent class members.

pertaining to purchases of cheese or butter during the Class Period and documents or transactional data showing the quantity, price, and all terms of sale on which the company purchased butter and/or cheese from CWT members during the Class Period.

The Defendants also requested to serve an interrogatory on the absent class members requesting detailed information regarding the terms of sale of cheese and butter where the contracts are not available to produce. The Court did not rule on this request at the hearing. The Court now rules that it will not allow this additional discovery. In the absence of documents reflecting this information, the burden of time and expense on the absent class members, counsel, and the Court, in litigating the sufficiency of any response to such interrogatory substantially outweighs any marginal benefit that *might* be obtained from determining the answer to these requests, if they can be determined at all in the absence of documents.

### B. Deposition of the Rutherfords

Plaintiffs seek the deposition of retired farmer Clyde Rutherford, or his wife as Mr. Rutherford is in poor health, regarding the Rutherfords' membership with Dairylea Corp. Plaintiffs have a deposition with Greg Wickham, a former executive of Dairylea Corp., already scheduled. As part of the subpoena on the Rutherfords, Plaintiffs also seek documents and believe that obtaining those documents may make the deposition unnecessary. Defendants argue that the information sought from the Rutherfords could be obtained during Wickham's deposition. The Court **DIRECTS** that the Rutherfords provide Plaintiffs with the documents requested. Plaintiffs will then

depose Greg Wickham and after the deposition the parties are **DIRECTED** to meet and confer as to whether Mrs. Rutherford's deposition will be needed. The parties are **DIRECTED** to contact the Court if any remaining issues cannot be resolved.

**IT IS SO ORDERED**.
DATED: October 26, 2018.

> */s/ Stephen C. Williams*
> STEPHEN C. WILLIAMS
> United States Magistrate Judge