IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FIRST IMPRESSIONS SALON, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:13-CV-00454-NJR-SCW |
| v. | ) ) | |
| NATIONAL MILK PRODUCERS FEDERATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' OPPOSITION TO CLASS COUNSEL'S
MOTION FOR ENTRY OF A SET-ASIDE ORDER**

Defendants respectfully submit this brief in opposition to Class Counsel's Motion for

Entry of a Set-Aside Order (ECF No. 373, the "Motion") regarding settlements or judgments

involving class members who have opted out of this litigation ("Opt-Out Plaintiffs"). It is

Defendants' position that entry of an order at this time – particularly for an excessive portion of

any settlement or judgment - is premature, and there are not facts before the Court to support the

granting of the Motion.

**BACKGROUND**

While the present lawsuit has been pending since May 10, 2013, there is still much work

to be done. Apart from the certification of the class in which Opt-Out Plaintiffs have chosen not

to participate, much of the work to date has involved litigation regarding changes in the various

named class plaintiff representatives and the products at issue in the lawsuit. The vast majority of

document discovery to date has involved the production by Defendants of documents,

depositions, and court filings from a similar antitrust class action lawsuit involving milk and the

Cooperatives Working Together Herd Retirement Program that served as a model for Class

Counsel's allegations in this lawsuit. *See Edwards v. National Milk Producers Federation*, No.

4:11-cv-04766-JSW (N.D. Cal. filed Sept. 26, 2011). Looking to the work ahead, at this point,

fact discovery is not yet complete, expert discovery has not yet begun, and briefing on summary

judgment motions will not begin until spring of next year. *See* Amended Scheduling Order, ECF

No. 366.

The Court required that class members that did not wish to be part of the class in this case

opt out by July 31, 2018.  *See* Discovery Schedule, ECF. No. 309. There are numerous Opt-Out

Plaintiffs. At this point, it is uncertain how each of the Opt-Out Plaintiffs will proceed, if at all,

with their claims. It is also unclear if the Opt-Out Plaintiffs have received notice of Plaintiffs'

Motion, which, if granted, could significantly impact their rights.

## ARGUMENT

Class Counsel's Motion is premature and without sufficient facts before the Court to rule

on the Motion because there are no judgments, settlements or funds to be set aside for Class

Counsel, and because the Opt-Out Plaintiffs have not submitted themselves to this Court's

jurisdiction. Furthermore, Class Counsel's 20% request for fees and costs is excessive and

should be rejected.

The Motion is directed at the actions of the Opt-Out Plaintiffs and it is the Opt-Out

Plaintiffs (rather than Defendants) who should have the opportunity to respond to the Motion.

Each Opt-Out Plaintiff is differently situated and will be better suited to respond to Class

Counsel's Motion with unique facts and arguments. However, the Opt-Out Plaintiffs have, by

opting out, elected not to be part of this lawsuit. It is unclear whether Opt-Out Plaintiffs will file

suit in this Court, in a court in another jurisdiction, or not at all.

Until an Opt-Out Plaintiff affirmatively submits to the jurisdiction of the Court, the Court does not have jurisdiction over former class members who have opted out. *See In re Linerboard Antitrust Litig.*, 292 F.Supp.2d 644 (E.D. Pa. 2003) (in MDL case, court lacked jurisdiction to award counsel fees from settlements or judgments secured by former class members who opted out); *In re OSB Antitrust Litigation*, No. 06–826, 2009 WL 579376 at *2-4 (E.D. Pa. March 4, 2009) (holding that the court is without jurisdiction over the opt-outs and denying motion for award of attorneys' fees to class counsel from settlement with opt outs); *Hartland v. Alaska Airlines*, 544 F.2d 992 (9th Cir. 1976) (granting writ of mandamus and ordering district court to return funds deposited by nonparties into a discovery fund in a multi-district case).  It would be premature - and it is unnecessary - for the Court to act now without further action by the Opt-Out Plaintiffs.  See *In re Katrina Canal Breaches Consolidated Litigation,* No. 05–4182, 2010 WL 2998848, at *4 (E.D. La., July 28, 2010) (denying motion for set aside as premature, noting there were no settlements and that "the funds from which a set-aside might be carved is illusory at this time," but ordering parties to notify Court within 24 hours of a settlement by any party).

Class Counsel seek an order allowing the set aside in escrow of "20% (or another percentage designated by the Court) of such settlement or judgement, with 15% deemed Class Counsel attorneys' fees to be withheld from the settling claimants' attorney fee and 5% deemed costs." Motion at 8.  These amounts are excessive and far exceed the norm. *See, e.g., In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 3478810, at *3 (N.D. Cal. Aug. 14, 2017) (collecting cases and concluding that a 3-6% set aside is typical, noting that set asides "rarely exceed[] 12.5%," and  allowing for a 10% set aside specifically because of the "amount of discovery, motion practice, and expert work" that had been required by that case); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, No. M:05-CV-01699-CRB, 2006 WL

471782, at *1 (N.D. Cal. Feb. 28, 2006) (4% set aside); *Turner v. Murphy Oil USA, Inc.*, 422

F.Supp.2d 676, 680-82 (E.D. La. 2006) (allowing set aside of 10% of the gross of any

settlements of represented persons for class counsels' attorney fees, and 2% of the gross for class

counsels' costs); *In re Diet Drugs Prod. Liab. Litig.*, No. 1203, 1999 WL 124414, at *2 (E.D. Pa.

Feb.10, 1999) (providing for a 9% set-aside in a pharmaceutical MDL for common benefit

work); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, MDL No. 1014, 1996 WL 900349, at *3

(E.D. Pa. June 17, 1996) (imposing 5% assessment for common benefit costs).  While

Defendants believe that any set aside is premature at this point, the fact that there is still

significant work for counsel for any Opt-Out Plaintiff to do in this case suggests that if the Court

decides to order a set aside, it should be set in the more typical range between 3-6%.

## CONCLUSION

For the foregoing reasons, the Court should deny Class Counsel's Motion at this time.

Date: November 7, 2018

|  |
|---|
| Respectfully submitted, |
| By: /s/ John J. Kavanagh<br>John J. Kavanagh (admitted pro hac vice)<br>Email: jkavanagh@steptoe.com<br>Jonathan B. Sallet (admitted pro hac vice)<br>Email: jsallet@steptoe.com<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>Telephone: (202) 429-3000<br>Fax: (202) 429-3902<br><br>*Attorneys for Defendants National Milk Producers Federation and Cooperatives Working Together*<br><br>By: /s/ Nathan P. Eimer (with consent)<br>Nathan P. Eimer<br>Email: neimer@eimerstahl.com<br>Scott C. Solberg |

Email: ssolberg@eimerstahl.com
Benjamin E. Waldin
Email: bwaldin@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718

Bart C. Sullivan, Esq.
FOX GALVIN LLC
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
Telephone: (314) 588-7000
Fax: (314) 588-1965
Email: bsullivan@foxgalvin.com

*Attorneys for Defendant Land O'Lakes, Inc.*

By: /s/ W. Todd Miller (with consent)
W. Todd Miller (admitted pro hac vice)
Email: tmiller@bakerandmiller.com
Lucy S. Clippinger (admitted pro hac vice)
Email: lclippinger@bakerandmiller.com
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Fax: (202) 663-7849

Christopher W. Byron
Email: cwb@bcpklaw.com
Byron Carlson Petri & Kalb, LLC
411 St. Louis Street
Edwardsville, IL 62025
Telephone: (618) 655-0600
Fax: (618) 655-4004

*Attorneys for Defendants Dairy Farmers of America, Inc.*

By: /s/ Jill M. O'Toole (with consent)
Jill M. O'Toole (admitted pro hac vice)
Email: jotoole@goodwin.com

5

SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Fax: (860) 251-5218

Diane C. Polletta (admitted pro hac vice)
Email: dpolletta@goodwin.com
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Fax: (203) 324-8199

*Attorneys for Defendant Agri-Mark, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 7, 2018, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

CM/ECF participants registered to receive service in this case.

/s/ *John J. Kavanagh*