IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST IMPRESSIONS SALON, INC., et al.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL MILK PRODUCERS FEDERATION, et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  Case No.   13-cv-454-NJR-SCW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On November 26, 2018, the Court held a discovery dispute conference on various pending discovery issues. The following summarizes the Court's findings and rulings at that hearing.

### A. Deposition of Charles Beckendorf

Plaintiffs seek to depose Charles Beckendorf, the former NMPF Chairman. The Court finds that Plaintiffs have stated a legitimate basis for the deposition based on the narrow topics identified by Plaintiffs. The Court limits the deposition to three hours. Discovery will remain open as to the deposition.

### B. Rutherford Deposition

Plaintiffs also seek to take the deposition of Mr. Rutherford or Mrs. Rutherford, should Mr. Rutherford physically be unable to sit for the deposition. While Plaintiffs hoped to obtain the information regarding the Rutherford's business from the

deposition of Mr. Wickham, Mr. Wickham, according to Plaintiffs, lacked personal knowledge of the leases and business agreements entered into by the Rutherford's. Defendants maintain that Mr. Rutherford is not physically able to sit for a deposition, but no further information on Mr. Rutherford's condition was provided at the hearing. Defendants are **DIRECTED** to provide the Court with details regarding Mr. Rutherford's health. The submission should be made to the Court by November 30, 2018 and be for "attorney's eyes only". If Mr. Rutherford is unable to testify, then the Court will allow Mrs. Rutherford to be deposed for two hours. The Court finds that the information Plaintiffs seek is limited in scope and relevant to the claims in this case.

### C. Redactions

Plaintiffs also take issue with the redaction of documents by Agri-Mark for "non-responsiveness". Plaintiffs note that the documents were redacted and that Agri-Mark did not provide Plaintiffs with a log describing the redactions. Plaintiffs specifically identified 448 documents with redactions that were made for "non-responsiveness". Agri-Mark argues that the redactions include financial accounting and related reports. Plaintiffs argue that the information is relevant to show the success of the retirement program. The Court **ORDERS** Agri-Mark to provide unredacted copies of the 448 documents identified by Plaintiffs, which are to be produced as "highly confidential". However, as to any additional documents which were not flagged by Plaintiffs, those documents will remain redacted. As to the other redacted documents, Plaintiffs did not flag those redactions nor did they bring the issue

to the Court in a timely fashion. Thus, the Court will not require those documents to be unredacted. Agri-Mark is also not required to unredact any documents redacted for privilege. Only those redactions which were made for "non-responsiveness" must be unredacted. Supplemental production is due **December 7, 2018**.

### D. Rule 30(b)(6) Deposition

Plaintiffs also seek an additional Rule 30(b)(6) deposition of Richard W. Stammer, who testified on behalf of Agri-Mark about Agri-Mark's membership, voting structure, and compliance with the Capper Volstead Act. Plaintiffs argue that Stammer was unprepared to testify definitively as to whether termination notices were sent to Agri-Mark members. Stammer provided answers, in general, about the termination process of Agri-Mark members but was unable to testify as to individual members as those members were not identified prior to the deposition. The Court finds that Stammer was adequately prepared to testify as to the broad topics that were identified in the notice. While Plaintiffs now want to re-fine their notice and ask about individual members, the Court finds that this would be a second bite at the apple. Further, if the defense was going to rely on termination letters as part of their Capper Volstead defense, then those letters would have been produced in discovery, which they were not. Thus, the Court sees little value in this additional deposition topic.

### E. 2003-2007 DFA Document Production

Plaintiffs also take issue with Dairy Farmers of America/Dairylea's production of DFA memberships. While Plaintiffs sought all membership related documents from

2003-2013, Defendant DFA only produced documents from 2008-2010. Defendant DFA argues that 2008-2010 is the relevant time frame for their Capper Volstead defense and those only membership lists from that time frame are relevant. Plaintiffs have failed to articulate any relevance for the pre-2008 lists. Thus, the Court **SUSTAINS** DFA's objection to producing the additional membership lists.

Plaintiffs also seek any correspondence from DFA/Dairylea to its members concerning termination of membership. Defendants object on the basis of burden, arguing that Defendants would have to review the membership list and determine which members were terminated and then travel to one of seven regional offices to review the records for that producer, as the records are kept by individual producer. While the Court recognizes that there is some burden in producing these documents, the Court does not find the request to be overly burdensome based on the information provided at the hearing. Further, the Court finds this information to be highly relevant and accessible by review of the lists and the producer files. As the information is highly relevant, the Court **ORDERS** the production of these documents for the applicable time frame of 2008-2010. Production is due by **January 9, 2019.**

### F. Remaining Issues

The parties also indicate that there are potential discovery disputes that they are still discussing. Plaintiffs have obtained documents from Hilmar cheese and are reviewing those documents but still may need to conduct a deposition in early December. The parties are granted leave to extend discovery for purposes of taking the

deposition. There also remains an issue related to production from non-named party class members. That issue also remains open and may be presented to the Court when ripe for the Court's review, if necessary. Discovery will remain open in order to allow for the limited additional discovery as set forth in this Order. All other discovery closes on **November 30, 2018**.

    **IT IS SO ORDERED**.
    DATED: November 26, 2018.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge
