UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST IMPRESSIONS SALON, INC., *et al*., individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>NATIONAL MILK PRODUCERS FEDERATION, *et al*.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:13-cv-00454-NJR-SCW

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AGRI-MARK, INC.'S, DAIRY FARMERS OF AMERICA, INC.'S, AND LAND O'LAKES, INC.'S AMENDED RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiffs hereby move the Court to enter an Order striking Defendant Agri-Mark, Inc.'s, Defendant Dairy Farmers of America, Inc.'s, and Defendant Land O'Lakes, Inc.'s (collectively "Tardy Defendants") Amended Rule 26(a)(1) Initial Disclosures and precluding Defendants from using testimony from the untimely identified people in any future motions, hearings, or trial of this matter, and any other relief the Court deems appropriate. The factual and legal grounds for this motion are set forth more fully below.

## **INTRODUCTION**

On the actual eve of the fact discovery deadline, Defendant Agri-Mark has, after five years of litigation, identified four new Agri-Mark corporate witnesses, and two governmental witnesses, as individuals likely to have discoverable information. Defendants Dairy Farmers of America ("DFA") likewise only recently disclosed the identity of five former cooperative members. At close of business on the day fact discovery closed, Land O'Lakes identified nine new dairy farmer member witnesses.[1] The Tardy Defendants' untimely supplementation of their initial disclosures have foreclosed Plaintiffs' ability to take any discovery from these newly identified witnesses, is tantamount to "gotcha" discovery which the Federal Rules prohibit, and is prejudicial to Plaintiffs.

Along with their delinquently disclosed cooperative witnesses, Agri-Mark, DFA, and Land O'Lakes have identified 2,827 farmers that participated in the herd retirement program as persons with discoverable information. In addition, Land O'Lakes has identified 15,412 farmer members and Agri-Mark has identified 2,649 members who may have knowledge, information, or documents related to the operation, administration and business considerations involved in

---

[1] Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiffs attempted to meet and confer with Defendants regarding their untimely disclosures, but no Tardy Defendant responded to Plaintiffs' request.

running a dairy farm. Defendants' listing of thousands of witnesses who they claim may have discoverable information makes a mockery of Rule 26(a)(1)(A)'s disclosure requirement and renders it impossible for Plaintiffs to determine whose testimony Defendants may use in this litigation. Because Defendants' recent amendments are not "timely" and overbroad, they should be stricken, and Defendants should be precluded from using any of these witnesses to support their defenses in this case.

## BACKGROUND

On September 19, 2018, this Court entered an Amended Scheduling Order (Dkt. No. 366), which provided, *inter alia*, that the last day to serve written discovery was September 24, 2018, and the close of fact discovery was to be November 30, 2018.

On November 5, 2018, 42 days after the last day to serve written discovery, DFA served its Amended Rule 26(a)(1) disclosures, and for the first time identified five previously undisclosed "former farmer members of DFA" as having "knowledge of information relevant to DFA's defenses in this action, including the purpose and effect of the Herd Retirement Program and the operation of dairy farms":

1. Lloyd Gunter;
2. Paul Heins;
3. Sean Cornelius;
4. Scott Mayer; and
5. Kurt Johnson.[2]

DFA also identified two new "farmer members of the DFA Board of Directors," Kent Herman and Tom Oelrichs.

---

[2] Attached as Exhibit A is a .pdf comparison of DFA's original Rule 26(a)(1) disclosures and the amended disclosures served on Plaintiffs on November 5, 2018. This comparison highlights the additions to DFA's amended disclosures. For ease of reference, Plaintiffs have also attached DFA's original Rule 26(a)(1) disclosures as Exhibit B, and the amended disclosures as Exhibit C.

3

On November 29, 2018, over two months after the written discovery deadline and only one day before the close of discovery, Defendant Agri-Mark served its Amended Rule 26(a)(1) disclosures.[3] For the first time, Agri-Mark identified five new witnesses with "discoverable information concerning dairy farming, Agri-Mark's operations, Agri-Mark's participation in the Cooperatives Working Together ("CWT") program; and the CWT herd retirement program":

1.   Debora Erb, Board of Directors Member;
2.   James Jacquier, Board of Directors Member;
3.   Jeffrey L. Richards, former member; and
4.   Scott Werme, Vice President of Membership.[4]

Agri-Mark also identified for the first time Erik Rasmussen, former USDA Market Administrator, Order 1, as an "Administrator[] of government agencies responsible for monitoring dairy markets and economics; overseeing regulation of the dairy industry; overseeing qualification, determination, and enforcement related to agricultural antitrust immunity statutes; and shaping and implementing federal dairy policy." Agri-Mark also listed for the first time Patrick Leahy, Senator from the State of Vermont (1974-present) as a "legislator[] responsible for federal and state agricultural policy."

Agri-Mark's amended disclosures also identified a spreadsheet containing 2,649 Agri-Mark members who may have "knowledge, information, or documents related to the operation, administration and business considerations involved in running a dairy farm."

Land O'Lakes served its Second Supplemental Disclosures on Plaintiffs' at 4:17 p.m. on

---

[3] Attached as Exhibit D is a .pdf comparison of Agri-Mark's original Rule 26(a)(1) disclosures and the amended disclosures served on Plaintiffs on November 29, 2018. This comparison highlights the additions in Agri-Mark's amended disclosures. For ease of reference, Plaintiffs have also attached Agri-Mark's original Rule 26(a)(1) disclosures as Exhibit E, and the amended disclosures as Exhibit F.

[4] Agri-Mark recently objected to Plaintiffs' request to take a membership 30(b)(6) deposition. Further, the Court also determined it is now too late in the game for Agri-Mark to start to bolster its Capper-Volstead defense by introducing new evidence, such as termination letters. Dkt. No. 390 at 5.

November 30, 2018, the last day of the discovery period.[5] Land O'Lakes Second Supplemental Disclosures identified nine "[d]airy farmer members [who] may have knowledge, information, and documents relating to the operation, administration, and business considerations involved in running a dairy farm; the origin, operation, and conclusion of the Herd Retirement Program; and the perception of the purpose and effect of the Herd Retirement Program among farmers who did not participate in the Program:"

1.   Jeff Betley;
2.   Michelle DePestel;
3.   Barry Fenendael;
4.   Tony Koch;
5.   Barbara Liebenstein;
6.   John Meyer;
7.   Russel Strutz;
8.   Christine Sukalski; and
9.   Hank Wagner

Land O'Lakes disclosures also identified two spreadsheets containing the identity of 15,412 farmer members who may have discoverable information.

Relatedly, Agri-Mark, DFA and Land O'Lakes identified ten spreadsheets containing the identity of 2,827 farmers "who placed bids in the herd retirement program" and may "have knowledge, information, or documents . . ." to support their defenses.

On Monday, November 26, 2018, the Court conducted a telephonic hearing to resolve remaining discovery disputes. *See* Dkt. No. 390 at 1. At no time during the hearing (or any time prior to the hearing) did counsel for Agri-Mark or Land O'Lakes inform Plaintiffs or the Court

---

[5] Land O' Lakes' Second Supplemental Disclosures are attached hereto as Exhibit G. Plaintiffs do not provide a comparison .pdf for Land O'Lakes because only their newly disclosed witnesses are listed in the disclosure.

that they would be amending their Rule 26(a) disclosures to identify new witnesses so close to the close of discovery.[6]

## **ARGUMENT**

**I.      The Tardy Defendants Have Failed to Timely Supplement Their Rule 26(a) Disclosures.**

The Tardy Defendants have failed to supplement their initial Rule 26a) disclosures in a timely manner. After five years of litigation, on the eve of the close of discovery, Tardy Defendants have engaged in "gotcha litigation" by identifying literally thousands of witnesses that they should have known about at the start of the litigation. Instead, Defendants waited until after written discovery could be served (and thus in effect precluding any reasonable prospect of taking a worthwhile deposition), eliminating any opportunity for Plaintiffs to conduct any meaningful discovery or examination of these witnesses. Fed. R. Civ. P. 26(e) requires a party to supplement its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (Emphasis added). "[S]upplementation ***must*** be made in a timely manner so as to prevent parties from 'spring[ing] late surprises on their opponents under the guise of a 'supplement' to earlier disclosures.'" *Schargordosky v. Lind*, No. 3:13-cv-437-NJR-DGW, 2016 U.S. Dist. LEXIS 77873, at *4 (S.D. Ill. June 15, 2016) (citing *Barlow v. General Motors Corp.*, 595 F.Supp.2d 929, 935-36 (S.D. Ind. 2009)) (emphasis in original).

Agri-Mark and Land O'Lakes failed to make their supplemental disclosures until a day

---

[6] At that time, the Court determined that redacting hundreds or thousands of documents for responsiveness was inappropriate, but Plaintiffs' motion to remove the redactions was denied because it was raised too late in the litigation. This same reasoning is true for the thousands of farmers who participated in the herd retirement program, whose identities were known by Defendants at the inception of this litigation.

before and the actual day of the close of discovery, respectively, which is clearly untimely and prejudicial. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 214 (N.D. Ill. 2013) ("Defendants' disclosure of [a fact witness] two days before the discovery cut-off date . . . was clearly untimely."). As a result, Plaintiffs are now unable to conduct any discovery as to Agri-Mark's and Land O'Lakes newly identified witnesses. DFA's failure to disclose its new witnesses until after the written discovery deadline is likewise untimely, as Plaintiffs were unable to serve written discovery on or meaningfully depose these witnesses due to the deadlines set in the Amended Scheduling Order.[7]

## II.      Exclusion of the Tardy Defendants' Untimely-Disclosed Witnesses is Mandatory.

Because Tardy Defendants' disclosures are untimely, they must be excluded. *Owens v. Ellison*, No. 13-cv-7568, 2017 U.S. Dist. LEXIS 50014, at \*5 (N.D. Ill. Mar. 31, 2017) ("Exclusion of the untimely-disclosed witnesses is automatic and mandatory . . ."; *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."); *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018) (same). The Tardy Defendants have provided no explanation as to their late disclosures are

---

[7] Defendants' untimely disclosed witnesses should be excluded even in the event Defendants offer to make the witnesses available for depositions. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 215 (N.D. Ill. 2013) (quoting *Finwall v. City of Chi.*, 239 F.R.D. 494, 500 (N.D. Ill. 2006)) ("Defendants' argument that they can disregard the Court's stated discovery cut-off because they are willing to produce their witness for a deposition after the discovery period 'essentially restructures the Federal Rules of Civil Procedure and makes discovery deadlines set by the court irrelevant.'").

justified, and therefore, the witnesses must be excluded.[8]

### III.   The Tardy Defendants' Listing of Thousands of Farmer Members as Potential Witnesses is Unreasonable and Meaningless.

A party is required under Fed. R. Civ. P. 26(a)(1)(A) to disclose the name and, if known, address and telephone number of each individual who might have discoverable information and who the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26 (a)(1). Collectively, Defendants have identified nearly 20,000 dairy farmers they claim have discoverable information, making it impossible for Plaintiffs to anticipate which specific farmers Defendants may actually use to support their defenses. "There is no practical way that Plaintiffs could examine, question, depose, or otherwise explore hundreds of witnesses and the veracity of their statements." *In re FedEx Ground Package, Sys., Inc., Emp't, Practices Litig.*, No. 3:05-MD-527 RM (MDL-1700), 2007 U.S. Dist. LEXIS 53327, at *15-16 (N.D. Ind. July 23, 2007) (holding the defendant had failed to satisfy its duty under Rule 26 when it disclosed 10,000 witnesses and granting the plaintiffs motion to strike). Defendants should not be able to generically refer to their member lists as a source of information for potential witnesses. Plaintiffs respectfully request this Court preclude Defendants from using these witnesses in any motion, hearing, or trial of this matter or alternatively compelling Defendants to identify the specific members from whom they anticipate offering evidence to support their defenses. Allowing such late disclosures would be extremely prejudicial to Plaintiffs.

### IV.   The Tardy Defendants' Untimely Disclosures Are Unreasonable and Warrants Additional Sanctions.

When a party fails to comply with Rule 26(a), the Court may also award reasonable

---

[8] Alternatively, if for some reason the Defendants can somehow show that their untimely supplementation was "substantially justified" as to any witnesses and the Court permits the Defendants to use that witness, Plaintiffs should be permitted leave to take discovery as to those witnesses.

expenses, including attorney's fees, may give an adverse jury instruction, or impose other sanctions in accordance with Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1). These Rule 37 sanctions may be imposed "where a party displays willfulness, bad faith or fault. "'Fault,' as it is used in this formulation, does not refer to the 'non-complying party's subjective motivation,' but to the lack of reasonableness 'which eventually culminated in the violation.'" *Aktipis v. Loyola Univ.*, Nos. 98-3005 & 98-3954, 1999 U.S. App. LEXIS 4721, at *6 (7th Cir. Mar. 17, 1999) (quoting *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997)). Sand-bagging Plaintiffs with literally thousands of witnesses 25 days (in DFA's case), one day (in Agri-Mark's case), and on the day of the close of fact discovery (in Land O'Lakes' case) can hardly be presumed reasonable. As such, Plaintiffs respectfully request that this Court impose all sanctions it deems just.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an Order excluding Defendants from using the untimely identified witnesses in any motion, hearing, or trial of this matter, and any other sanctions the Court deems appropriate.

Dated: December 3, 2018.                                   Respectfully submitted,

                                                           */s/ Charles Barrett*
                                                           Charles Barrett
                                                           NEAL & HARWELL, PLC
                                                           1201 Demonbreun St., Suite #1000
                                                           Nashville, Tennessee 37203
                                                           (615) 244-1713
                                                           Email: cbarrett@nealharwell.com

                                                           Michael Roberts
                                                           Debra Gaw Josephson
                                                           ROBERTS LAW FIRM, P.A.
                                                           20 Rahling Circle
                                                           Mailing Address: P.O. Box 241790
                                                           Little Rock, Arkansas 72223

(501) 821-5575
Email: mikeroberts@robertslawfirm.us
Email: debrajosephson@robertslawfirm.us
Email: stephaniesmith@robertslawfirm.us
Email: janalaw@robertslawfirm.us

Don Barrett
David McMullan, Jr.
Sarah Sterling Starns
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, Mississippi 39095-0927
(662) 834-9168
Email: dbarrett@barrettlawgroup.com
Email: dmcmullan@barrettlawgroup.com
Email: sstarns@barrettlawgroup.com

Dianne M. Nast
Erin C. Burns
NastLaw LLC
1101 Market Street
Suite 2801
Philadelphia, Pennsylvania 19107
(215) 923-9300
Email: dnast@nastlaw.com
Email: eburns@nastlaw.com

Joseph C. Kohn
Robert J. LaRocca
William E. Hoese
Stephen H. Schwartz
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
(215) 238-1700
Email: jkohn@kohnswift.com
Email: rlarocca@kohnswift.com
Email: whoese@kohnswift.com
Email: sschwartz@kohnswift.com

Arnold Levin
Laurence S. Berman
Frederick S. Longer
LEVIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106

10

(215) 592-1500
Email: alevin@lfsblaw.com
Email: lberman@lfsblaw.com
Email: flonger@lfsblaw.com

Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9189
Email: lnussbaum@nussbaumpc.com

Joseph Vanek
John Bjork
VANEK, VICKERS & MASINI P.C.
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
(312) 224-1500
Email: jvanek@vaneklaw.com
Email: jbjork@vaneklaw.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, the foregoing was electronically filed with the Clerk of Court via the CM/ECF filing system, which sent notification of such filing to all counsel of record.

/s/ Charles Barrett
Charles Barrett