IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FIRST IMPRESSIONS SALON, INC., ROY MATTSON, KPH HEALTHCARE SERVICES a/k/a KINNEY DRUGS, INC., PIGGLY WIGGLY MIDWEST, LLC**, individually and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **NATIONAL MILK PRODUCERS FEDERATION, COOPERATIVES WORKING TOGETHER, DAIRY FARMERS OF AMERICA, INC., LAND O'LAKES, INC., and AGRI-MARK, INC. d/b/a CABOT CREAMERY COOPERATIVE, INC.,** <br><br> **Defendants.** | Case No. 3:13-CV-00454-NJR |

# FINAL APPROVAL ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Final Approval of Class Settlement (Doc. 530). For the reasons stated below, the Court **GRANTS** the motions.

On November 7, 2019, the Court granted in part and denied in part Plaintiffs' Motion for Preliminary Approval of Class Settlement (Doc. 521) and preliminarily approved the Settlement Agreement (Doc. 525). At 1:30 p.m. on April 27, 2020, the Court held a Final Fairness Hearing.[1]  The Court has read and considered all submissions made

---

[1] Due to the ongoing novel corona virus pandemic the final fairness hearing was held via teleconference.

in connection with the Settlement Agreement, including statements and arguments made at the Final Fairness hearing.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The definitions of terms set forth in the Settlement Agreement are incorporated here.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all Class Members.

3. As provided in the Preliminary Approval Order, this Court has previously certified the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure (Doc. 291). The certified Class is made up of two sub-classes and consists of the following:

   > All persons and entities in the United States that purchased butter directly from one or more members of Defendant, Cooperatives Working Together, and/or their subsidiaries during the period from December 6, 2008 to July 31, 2013 who did not timely opt-out of the class pursuant to the class notice approved by the Court in its order dated May 8, 2018 and transmitted to the class on May 31, 2018; and

   > All persons and entities in the United States that purchased cheese directly from one or more members of Defendant, Cooperatives Working Together, and/or their subsidiaries during the period from December 6, 2008 to July 31, 2013 who did not timely opt-out of the class pursuant to the class notice approved by the Court in its order dated May 8, 2018 and transmitted to the class on May 31, 2018.

4. This Court previously approved the Class Notice Plan for giving notice to the Class through direct mailed notice, social media, publication notice, and through the previously established website, www.butterandcheeseclassaction.com. Through its Preliminary Approval Order, this Court directed the Parties and the court-

appointed Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), to complete all aspects of the Notice Plan. The Court finds that the Notice given to the Class Members was completed as approved by this Court and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The settlement Notice Plan was modeled on and supplements the previous court-approved plan and, having been completed, constitutes the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, the Plan of Distribution, these proceedings, and the rights of Class members to opt-out of the Class and/or object to Final Approval of the Settlement, as well as Plaintiffs' Motion requesting attorney fees, costs, and Class Representative service awards. The Court also finds the parties have satisfied all requirements set forth in the Preliminary Approval Order.

5. On February 26, 2020, Plaintiffs timely filed a motion requesting Final Approval of the Settlement and a motion for attorney fees, reimbursement of costs, and service awards for the Class Representatives (Docs. 530, 531).

6. On March 18, 2020, the Parties executed addenda to the Settlement Agreement, which were filed with the Court on March 25, 2020 (Docs. 536, 536-1 to 536-4). Three addenda are administrative in nature, and one such addendum (536-1) provides an additional benefit to the Class members. This addendum provides that instead of receiving installment payments from the settlement fund (the last of which would be due in 2024 or later), full payment of the entirety of the

settlement proceeds will be made by no later than January 2021. The Court finds the Addenda 1-4 do not materially change the settlement, and they provide additional benefit to the Class. Therefore, no additional notice is necessary or required to be given to the Class.

7. **Approval of Settlement**. The Settlement Agreement was made with consideration of the substantial additional costs, delays, and risks faced by all parties if litigation were to continue. The Settlement Agreement is a good compromised result for the Parties following good faith and lengthy arms-length negotiation between experienced and informed counsel well-versed in class actions. No objections to the agreement were made by Class Members; this fact also supports approval of the settlement. Further, this litigation has been ongoing for almost seven years. The process of approving the proposed settlement has been ongoing since Fall 2019, and the parties and the Court are aware of the magnitude of the case and the positions of the parties. At this stage, the Court and the parties possess ample information with which to evaluate the merits of the competing positions, and this fact also warrants approval of the Settlement Agreement. This Court fully and finally **APPROVES** the Settlement in the form contemplated by the Settlement Agreement, and the addenda thereto, and finds the Settlement Agreement to be fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and Seventh Circuit jurisprudence on class action settlements. The Court directs the full implementation of the Settlement pursuant to the terms and conditions of the Settlement Agreement and the addenda thereto. (Docs. 521-1, 536-1 to 536-4).

8. **Approval of Plan of Distribution**. In its January 10, 2020 Preliminary Approval Order, the Court approved the Plan of Distribution to allocate the Settlement funds, as it complies in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. **No Admission of Liability**. In accordance with paragraph seventeen of this Court's Preliminary Approval Order, Final Approval of this Settlement will not be deemed or construed to be a concession or admission of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the allegations in the action.

10. **Binding Effect**. The Settlement resolves this action, including all claims alleged in the Third Amended Complaint (Doc. 182), and releases all claims as set forth in the Settlement Agreement. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the April 27, 2020 Final Fairness Hearing before this Court, it is hereby determined that all Class members are bound by this Order and Final Judgment.

11. **Settlement Administration**. Counsel for the Parties and the Settlement Administrator, Epiq, are authorized to use all reasonable procedures that are not materially inconsistent with this Final Approval Order or the Settlement Agreement to carry out all remaining aspects of the administration of this Settlement.

12. **Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court

hereby retains continuing and exclusive jurisdiction over: (a) interpretation, administration, enforcement, and implementation of this settlement and distribution to Class Members; (b) disposition of the Settlement Fund; (c) this Action until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties have all been performed pursuant to the Settlement Agreement; (d) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (e) all parties to this Action and released claimants or class members, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement.

13. This is a final and appealable Order and Judgment, and there is no just reason for delay in the entry of this Judgment, as a Final Judgment.

14. Pursuant to the Settlement Agreement, all persons and entities who are releasors, Plaintiffs and members of the class, are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action, or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

15. The Releasees are hereby and forever released and discharged with respect to any and all claims and causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined by the Settlement Agreement.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Final Approval of the Class Settlement (Doc. 530). This action and all released claims asserted in it are **DISMISSED with prejudice**. Each party will bear its own costs and attorney fees except as otherwise described in the Settlement Agreement and the Order Granting Attorney Fees (Doc. 540). The Parties are **DIRECTED** to take the necessary steps to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

**DATED:**   April 27, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**